JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
R.B. and E.B., parents and natural guardians of P.B., a minor

## DEFENDANTS
Bethlehem Area School District

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Northampton**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☑ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**42 U.S.C. Section 1983**

Brief description of cause:
**Civil Rights - Personal Injury**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: **2/24/2021**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case  ☐ is  /  ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  _____  _____
                                                                    *Attorney-at-Law / Pro Se Plaintiff*                          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                                                                    *Attorney-at-Law / Pro Se Plaintiff*                          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| R.B. and E.B., parents and natural guardians of P.B., a minor | : | CIVIL ACTION |
| v. | : | |
| Bethlehem Area School District | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (✓)

| 2/24/2021 | /s/ | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-751-0100 | 215-751-0723 | mshaffer@shaffergaier.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)　　　　The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)　　　　In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)　　　　The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)　　　　Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)　　　　Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | | |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

SHAFFER & GAIER, LLC
BY:    Michael D. Shaffer, Esquire
       Michael H. Gaier, Esquire
Identification No. 60191/50210
8 Penn Center
1628 JFK Boulevard - Suite 400
Philadelphia, PA 19103
(215)751-0100                                                  **Attorneys for Plaintiffs**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **R.B. and E.B., parents and natural guardians of P.B., a minor** c/o SHAFFER & GAIER, LLC 1628 JFK Blvd., Ste. 400 Philadelphia, Pa 19103,  Plaintiffs, vs. **Bethlehem Area School District** 1516 Sycamore Street Bethlehem, Pa 18017  Defendant | **CIVIL ACTION**   NO. |

**COMPLAINT**

Plaintiffs, R.B. and E.B., parents and natural guardians of P.B., a minor, by and through their attorneys, Michael D. Shaffer, Esquire and Michael H. Gaier, Esquire, of Shaffer & Gaier, LLC, alleges as follows:

**PARTIES**

1. Plaintiffs, R.B. and E.B., are parents and natural guardians, and are adult citizens and residents of the Commonwealth of Pennsylvania, who can be contacted through their counsel, Michael D. Shaffer, Esquire and Michael H. Gaier, Esquire, at 1628 JFK Blvd., Ste. 400, Philadelphia, Pa 19103.

2. P.B. is a minor of the Commonwealth of Pennsylvania, who can be contacted through her counsel, Michael D. Shaffer, Esquire and Michael H. Gaier, Esquire, at 1628 JFK Blvd., Ste. 400, Philadelphia, Pa 19103.

3. Defendant, Bethlehem Area School District, is a municipal corporation or other public entity organized and existing under and by the virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business at 1516 Sycamore Street, Bethlehem, Pa 18017.

4. At all times material hereto, the Defendant adopted and enforced rules and regulations for the management of school affairs and the conduct and deportment of employees and students.

5. At all times material hereto, the Defendant acted by and through their agents, servants, workmen and/or employees.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b)(1) because Defendants reside and/or transact business in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b)(2) because the events or omissions giving rise to the claim occurred in this District.

## MATERIAL FACTS

9. P.B. was born on June 12, 2014 and is 6 years old.

10. At all times relevant hereto, P.B. was a Kindergarten student at Farmersville Elementary School located at 7036 Will Penn Highway, Easton Pa 18045.

11. As part of his transportation to the school, P.B. was transported via a school bus

operated and controlled by Defendant. This particular bus also transported other children of different ages to the school.

12. In September 2019, an older student by the name of Giovanna ("Gio") began bullying P.B.

13. P.B. told his father, R.B., about the bullying, at which time R.B. notified the school staff, including the bus driver, the school's counselor, Ms. Davis, and the teacher, Ms. Jackson of the bullying.

14. Beginning on or about October 31, 2019 until about December 23, 2019, P.B. was subject to numerous instances of sexual abuse at the hands of Gio, while on the school bus.

15. More specifically, Gio pulled down P.B.'s pants and licked, sucked and kissed P.B.'s penis, licked his "butt hole," sucked and kissed his "butt cheek" and kissed P.B. on the lips.

16. Additionally, Gio pulled down P.B.'s pants and inserted his fingers into P.B.'s "butt hole," stating he was "digging for poo."

17. In other instances, Gio would pull down his pants and P.B.'s pants and Gio would insert his penis into P.B.'s ear.

18. Although the Defendant was explicitly on notice of the violent tendencies of Gio upon P.B. and other students, Defendant did nothing to protect the safety of students such as P.B affirmatively and constructively placing P.B. in a dangerous situation.

19. After being exposed to this violent, physical and sexual torture by GIO, P.B. finally confessed to his parents what was happening in late December 2019.

20. On December 30, 2019, R.B. and P.B. were interviewed by an investigator with the Bethlehem Township Police Department and a report was made.

21. On January 16, 2020, Gio and his mother were interviewed by the Bethlehem Township

Police Department wherein Gio admitted to the above sexual assaults and incidents.

22. As a direct and proximate result of the intentional, reckless and wanton conduct of the Defendant, as more fully set forth in the Counts below, P.B. suffered harm, including:

    a. Sexual assaults, with its attendant physical and mental signs, symptoms and sequelae;

    b. Anxiety;

    c. Fear and fright;

    d. Mental anguish;

    e. Post-traumatic stress disorder, with its attendant physical and mental signs, symptoms and sequelae;

    f. Past and future physical pain and suffering;

    g. Past and future mental pain and suffering;

    h. Past and future loss of life's pleasures;

    i. Past and future humiliation;

    j. Past and future embarrassment and disfigurement;

    k. Past and future lost earnings and lost earning capacity;

    l. Past and future medical expense;

    m. Past and future noneconomic loss, and

    n. Such other ills and injuries set forth in the medical records and which will be set forth, and more fully described, as this lawsuit continues.

## **COUNT I – CIVIL RIGHTS**

23. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

24. Defendant, Bethlehem Area School District, is a municipal entity that is subject to suit

pursuant to 42 U.S.C. §1983.

25. Defendant, Bethlehem Area School District's, constitutional torts are not governed or limited in any way by 42 Pa. C.S. §8541, *et seq*. or 42 Pa. C.S. §8521, *et seq*.

26. Defendant, Bethlehem Area School District, violated P.B.'s substantive due process right to bodily integrity, which is secured by the Fourteenth Amendment to the Constitution of the United States.

27. At all times material hereto, Defendant, Bethlehem Area School District, is considered "persons" within the meaning of 42 U.S.C. §1983.

28. At all times material hereto, Defendant, Bethlehem Area School District, acted under the color of state law by and through their agents, ostensible agents and/or employees.

29. The specific harm to which Defendant, Bethlehem Area School District, exposed P.B. was foreseeable and direct in that they were aware of the prior bullying and that allowing the two children on the bus would result in harm to those pupils, including but not limited to sexual assaults.

30. The Defendant's placing Gio and P.B. on the bus created a degree of culpability that shocks the conscience because they were on notice of the danger created by the assailant.

31. The Defendant acted in willful disregard to the safety of P.B. when it permitted Gio to sexually assault P.B. on numerous occasions by inappropriately touching him.

32. Defendant, Bethlehem Area School District, created a custodial relationship by placing P.B. on a moving bus.

33. Defendant, Bethlehem Area School District's, self-described commitment to create a safe, positive environment for all students formed a relationship such that P.B. was a foreseeable victim of Defendant, Bethlehem Area School District.

34. By willfully allowing Gio and P.B. to be on a bus at the same time and not providing any supervision, Defendant affirmatively used its authority over P.B. in a way that created danger to P.B.

35. By willfully allowing Gio and P.B. to be on a bus at the same time and not providing any supervision, Defendant affirmatively used its authority over P.B. in a way that rendered P.B. substantially more vulnerable to danger than had the Defendant not acted at all, by not placing P.B. on the bus.

36. By willfully allowing Gio and P.B. to be on a bus at the same time and not providing any supervision, Defendant affirmatively used its authority over P.B. in a way that increased P.B.'s risk of harm.

37. Defendant, Bethlehem Area School District's, acts constitute a "state-created danger," rendering them liable to P.B. for violation of his civil rights.

38. Despite their awareness of the risk of sexual assault, policymakers within Defendant, Bethlehem Area School District, either deliberately chose not to train their employees regarding policies for supervising persons on the bus, or acquiesced in a longstanding practice or custom of inaction in this regard.

39. The constitutional rights violated by Defendant, Bethlehem Area School District, consisted of liberty, privacy and bodily integrity.

40. Defendant, Bethlehem Area School District, acted intentionally or with deliberate indifference to the rights of P.B.

41. As a direct result of the actions of the Defendant as set forth above, P.B. was caused to suffer the injuries as set forth above.

WHEREFORE, Plaintiffs demand judgment against Defendant, Bethlehem Area School

District, and compensatory damages, together with attorney fees and costs, and pre-and-post judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of Plaintiffs' claim in in excess of $150,000.00 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

### CLAIM FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for damages to be determined at trial and for all other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

**SHAFFER & GAIER, LLC**

BY: _____
MICHAEL D. SHAFFER, ESQUIRE
Identification No. 60191
1628 JFK Blvd., Ste. 400
Philadelphia, Pa 19103
215-751-0100
mshaffer@shaffergaier.com
*Attorney for Plaintiffs*

Date: 2/24/2021

## VERIFICATION

I hereby state that the facts set forth are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities.

